IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Rev. Edward Allan Buck,<br><br>          Plaintiff,<br><br>vs.<br><br>Allen Rand Myers, et al.<br><br>          Defendants. | Case No. 2:05-CV-876 TC<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |

This case is before the court from a referral by District Judge Tena Campbell pursuant to 28 U.S.C. § 636(b)(1)(B).  Plaintiff, Reverend Edward Allan Buck, proceeding *pro se* and in forma pauperis, has filed a civil rights complaint alleging numerous violations of his civil rights.  Defendants[1] have filed respective Motions to Dismiss.[2]  Buck has also filed a number of motions.[3]

In his complaint, Mr. Buck describes the nature of his case.  Mr. Buck states,

> This case is being brought to the Court because of the fraudulent statements made by Defendant Myers which led to the Plaintiff being fraudulently charged with a State of Utah Third Degree Felony and the illegal search and seizure by Defendant Boughn, with the subsequent conspiracy by Defendants Myers, Deputy Boughn, Sgt. Brenneman, Det.

---

[1] Defendants named by Mr. Buck include, Allen Myers, Utah District Judge William Barrett, Tracy Broughn, Scott Bannon, Paul Brenneman, John Thornton, David Yocom, N.M. D'Alesandro, Kim Cowley, Lorin Pugh, and Brent Rich.
[2] Docket nos. 7, 18, 21, 26, 32, 48, 54, 59,
[3] Docket nos.  30, 33, 38, 40, 61, 67, 68, 77, 88, 91.

Thronton, Sgt. Bannon, Deputy District Attorny D'Alesandro, District Attorney Yocom, Judge Barrett.[4]

Mr. Buck continues,

Plaintiff has been injured by the fraudulent assessment of a Third Degree Felony charge against him, which creates a legal black mark upon his reputation and will effect his position within the community for the rest of his life.  When ever his background is checked the charge will appear even though it is false and illegal and will detrimentally effect his financial positions with regards to credit or home ownership or other attempts by the Plaintiff to own property.[5]

Near the end of his complaint Mr. Buck includes the following:

CONCURRENT LAWSUIT
1.  A.  Parties to concurrent state action are:
        Plaintiff: Rev. Edward Allan Buck
        Defendants: Deputy Boughn, Deputy Brenneman, Deputy Thornton, Sal Lake County Sheriff's Department, Allen Myers, (2) Two John Doe Sheriff's Deputies
    B.  Third District Court, Salt Lake County, State of Utah –
        Case No. 050916391 – Judge William H. Barrett
    C.  Case is pending
    D.  Due Process under Article 1, Section 7 of the Utah State Constitution, Fourth and Fifth Amendments of the United States Constitution, and Utah State Criminal Code violations.
    E.  Complaint filed September 19, 2005.[6]

   Finally in his request for relief, Mr. Buck seeks a total of approximately twenty-four million dollars.[7]

   Pursuant to 28 U.S.C. § 1915, the court granted Plaintiff permission to proceed without

---

[4] Compl. p. 4.
[5] *Id.* p. 16.
[6] *Id.* p. 17 (emphasis in original).
[7] *Id.*

payment of fees.[8] Section 1915 further provides that a court "shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[9] Based on a plain reading of Mr. Buck's complaint, it is clear that this case arises from circumstances surrounding state court proceedings including the criminal charges that were brought at the state level. Therefore, under the *Younger* abstention doctrine this court lacks jurisdiction to hear Mr. Buck's case and this case should be dismissed.

Pursuant to the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over a case in which there is an ongoing state action.[10] "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief - such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings - when such relief could adequately be sought before the state court."[11] *Younger* abstention is not discretionary, and must be invoked by a federal court when,

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interest, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."

---

[8] Docket no. 2.
[9] 28 U.S.C. § 1915.
[10] *See Younger v. Harris*, 401 U.S. 37 (1971); *Amanatullah v. Colorado Bd. of Med. Exam'rs*, 187 F.3d 1160 (10th Cir. 1999); *Taylor v. Jaquez*, 126 F.3d 1294 (10th Cir. 1997).
[11] *Reinhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

Here, Mr. Buck admits in his complaint that there is an ongoing state action. The state courts provide an adequate forum to hear any constitutional concerns which Mr. Buck may have. And, the state has an important interest in controlling how criminal investigations are conducted and determining what charges are filed following investigations. If Mr. Buck is unhappy with the state court proceedings and the investigation surrounding his charges, he needs to raise those issues with the appropriate state court and not simply try to relitigate his case in federal court. Because all three prongs of the *Younger* abstention doctrine are met in this case, this court must abstain from exercising jurisdiction.

In the alternative, even if Mr. Buck's "concurrent lawsuit"[12] has ended, this court would still lack jurisdiction under the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, federal district courts do not have authority to review, reverse or invalidate state court decisions.[13] No federal court other than the United States Supreme Court can reverse or modify the judgment of a state court because to do so would be an exercise of appellate jurisdiction.[14] Should a constitutional question arise in the course of a state case, it is the duty of the state courts to decide it. If it is wrongly decided, the litigant must appeal to the appropriate state court.[15] "Where a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a

---

[12] Compl. p. 16 (emphasis omitted).

[13] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[14] *See Feldman*, 460 U.S. at 482; *Rooker*, 263 U.S. at 416.

[15] *See Rooker*, 263 U.S. at 415.

constitutional claim under 42 U.S.C. § 1983."[16] If Mr. Buck's state case has ended the proper legal procedure would be to first exhaust his appeals in the state courts and then "petition the Supreme Court of the United States for certiorari review of the decision of the state supreme court."[17]

Next, Mr. Buck seeks to amend his complaint to add more Defendants.[18] The court finds that such an amendment would be futile even under the broadest reading of Plaintiff's complaint. If an amendment fails to cure a defect in the original complaint or would be futile, leave to amend should not be granted.[19] Thus, Mr. Buck's motions to amend should be denied.

Finally, the court has conducted a brief review of the various motions to dismiss filed by Defendants. In the court's view, it would be appropriate to dismiss this case for the reasons cited in the various motions even if somehow this court were able to obtain jurisdiction over Mr. Buck's complaint which appears impossible given Mr. Buck's own statements.

The court also notes that it has reviewed the Motion for Sanctions filed by Defendants.[20] At this time the court finds sanctions inappropriate. But, the court again warns Mr. Buck that the filing of frivolous lawsuits can bring serious consequences. This court echoes those statements

---

[16] *Anderson v. State of Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (stating federal courts do not have jurisdiction to review any claims of alleged constitutional rights violations under section 1983 that arise during the course of state judicial custody proceedings) (emphasis added).
[17] *Id.* at 264.
[18] *See* docket nos. 61, 68, 88.
[19] *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962) (stating that "futility of amendment" is an adequate reason to deny leave to amend); *Scott v. Hearn*, 216 F.3d 897, 906 (10th Cir. 2000) (same); *Huxall v. First State Bank*, 842 F.2d 249, 250 n.2 (10th Cir. 1988).
[20] Docket no. 79.

made by Senior Judge John E. Conway in a recent decision dismissing another complaint filed by Mr. Buck. Judge Conway wrote,

> we would like to take this opportunity to warn Plaintiff that if this pattern of illustrious and indeed, irresponsible, filing continues, the Court will have no choice but to limit the method and means of his future *pro se* filings. The Court wants to make clear that this measure would not be punitive, but necessary to maximize judicial economy and efficiency. When a party has "engaged in a pattern of litigation activity which is manifestly abusive," sanctions on future filings may be an appropriate recourse.[21]

By this court's count, Mr. Buck has been involved in the filing of seven lawsuits starting in September 2003. Most of these cases have been dismissed for being frivolous or for failing to state a claim upon which relief may be granted.[22]

---

[21] Mem. Op. and Order from *Buck v. Salt Lake Tribune et al.*, case no. 2:06-cv-135 JEC, p. 4-5 (quoting *Johnson v. Cowley*, 872 F.2d 342, 344 (10th Cir. 1989)).

[22] *See* case nos. 2:03-cv-783 TS, 2:05-cv-455 JEC, 2:05-cv-876 TC, 2:06-cv-113 PGC, 2:06-cv-135 JEC, 2:06-cv-225 JEC, 2:06-cv-321 PGC.

## RECOMMENDATION

Based on the foregoing, it is hereby recommended that this case be dismissed. The remaining motions should be deemed moot or denied.

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 25th day of July, 2006.

*[signature]*

Brooke C. Wells
United States Magistrate Judge