FILED
U.S. DISTRICT COURT

2008 MAY 29  A 10: 45

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| REV. EDWARD ALLAN BUCK,<br><br>Plaintiff,<br><br>vs.<br><br>ALLEN RAND MYERS, et al.,<br><br>Defendants. | **ORDER**<br><br>Case No. 2:05-CV-876<br><br>Judge Dee Benson |

Petitioner Rev. Edward Allan Buck has filed *pro se* a document titled "Petition for Vacating Order Denying Motion to Proceed with Federal Grand Jury and for Granting Petition for 'Immediate' Federal Grand Jury" in which he asks the Court to reconsider and vacate the Court's January 4, 2008 Order denying Petitioner's motion to lift the stay in this action.

*Pro se* litigants pleadings must be construed liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court finds that what Petitioner is seeking is a motion to reconsider pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b), however, "is only appropriate under extraordinary circumstances." *Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988)).

On September 5, 2007, in accordance with the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37, 45 (1971), and order of the Tenth Circuit, *see Buck v. Myers*, 244 Fed.Appx. 193, 198 (10th Cir. 2007), the Court stayed this proceeding pending the outcome of Petitioner's state action. Petitioner then filed a motion to lift the stay. Dkt. No. 124. The Court denied this motion, however, because Petitioner had failed to show an irreparable injury that was "both great

and immediate," *Younger*, 401 U.S. at 46, or any other "extraordinary circumstance" that would warrant the intervention of the federal courts in his pending state proceeding. *Id.* at 45.

Similarly, in the present motion, Petitioner has failed to demonstrate the existence of any "extraordinary circumstances" that would justify relief under Rule 60(b). *See Massengale*, 30 F.3d at 1330. Petitioner has not presented to the Court any newly discovered evidence, nor has he demonstrated that the previous order was the result of mistake or fraud. *See* Fed. R. Civ. P. 60(b)(1)-(6). Rather, Petitioner has simply brought the same allegations of misconduct by state actors, which he argues is a violation of his constitutional rights and warrants federal court intervention. But a motion to reconsider is not a new opportunity to advance old arguments. The Court has already addressed the arguments raised by Petitioner, and has found that they are insufficient to justify lifting the present stay. Dkt. No. 125. Therefore, Petitioner's motion to reconsider is DENIED.

IT IS SO ORDERED.

Dated this 28th of May, 2008.

_____
Dee Benson
United States District Judge