IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| REV. EDWARD ALLAN BUCK,<br><br>Plaintiff,<br><br>v.<br><br>ALLEN RAND MYERS, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND REPORT AND RECOMMENDATION**<br><br>Case No. 2:05-cv-00876-DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

The Defendants'[1] Motions for Summary Judgment[2] are before the magistrate judge under referral[3] from the district judge pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

After he developed a bit-less horse bridle, Plaintiff Rev. Edward Allan Buck (Buck) entered into a business relationship with Defendant Allen Rand Myers (Myers).[4] The contours of this relationship are murky,[5] but it appears that Defendant Myers was responsible for

---

[1] Defendants currently party to the suit are: Allen Rand Myers; Salt Lake County Sherriff Deputy Tracy Boughn; Salt Lake County Sheriff Deputy Sergeant Scott Bannon; Salt Lake County Sheriff Deputy Sergeant Paul Brenneman; Salt Lake County Sheriff Deputy Detective John Thornton; Salt Lake County District Attorney David E Yocom; Salt Lake County District Attorney N.M. D'Alesandro; and Salt Lake County Sheriff Deputy Detective Kim Cowley. All of these defendants, with the exception of Myers, are employees of Salt Lake County and will be referred to collectively as County Defendants. Utah 3rd District Court Judge William H. Barrett; Church of Jesus Christ of Latter Day Saints Stake President Lorin K. Pugh; and Church of Jesus Christ of Latter Day Saints Bishop Brent W. Rich were also sued by Plaintiff in the course of this litigation, but the claims against them were dismissed by the 10th Circuit. *Buck v. Myers*, 244 Fed. Appx. 193, 198–99 (10th Cir. 2007).

[2] County Defendants' Motion for Summary Judgment, docket no. 142, filed November 17, 2009; Motion for Summary Judgment, docket no. 144, filed December 3, 2009. The first motion was filed by Defendants Boughn, Bannon, Brenneman, Thornton, Yocom, D'Alesandro and Cowley, while the second was filed by pro se Defendant Allen Rand Myers. Except for the portion identifying which Defendants are filing, the motions are identical and will be subsequently referred to collectively as "Motions for Summary Judgment."

[3] Order referring motions for summary judgment, docket no. 156, filed February 9, 2010.

[4] Response to Defendants Yocom, D'Alesandro, and Bannon Motion to Dismiss (Response to Motion to Dismiss), Docket no. 20, filed November 14, 2005.

[5] According to the Complaint at 5, docket no. 3, filed October 25, 2005, Buck is partially suing Myers for making

managing funds and updating the company website.[6] According to the Complaint, Buck was living with Myers and working on the bridle's patent issues using a computer Myers built.[7] When Buck moved out, he took the computer with him, leaving a note which offered to pay for the computer once he secured the necessary funds.[8] When Myers discovered the computer was missing, he called the police.[9] According to Buck, Myers allegedly told several lies to the police: that CDs and papers were missing in addition to the computer; that Myers and his children sometimes used the computer; and that Myers and Buck were business partners.[10]

Buck alleges that Salt Lake County Sheriff Deputy Boughn subsequently came to Buck's residence and seized the computer without a warrant.[11] Buck claims Defendant Boughn lied to gain access to the computer.[12] After state criminal charges were brought against Buck for the theft,[13] Buck brought suit in federal court under 42 U.S.C. §§ 1983, 1985(2), 1985(3), 1986.[14]

---

> the **false statement** that the Plaintiff and he were partners in a business registered as Supreme Cavalry. This initial statement is wholly false as no written partnership agreement exists between the Plaintiff and Defendant Myers; and during the time of the partnership that the Plaintiff believed to exist, the Defendant Myers had "maliciously, willfully, and intentionally" taken actions to avoid having the Plaintiff associated with ownership of the business known as Supreme Cavalry with any State or Federal legal documents or with the primary source of income for the business known as Supreme Cavalry, which is the Internet web site known as www.supreme-cavalry.com.

[6] Letter from Buck to Myers at 2, attached as Ex. H to Response to Motion to Dismiss.

[7] Complaint at 6–7.

[8] State Court Memorandum in Support of Motion to Quash Bindover (State Court Memorandum) at 2–3, attached as Ex. C to Memorandum in Support of County Defendants' Motion for Summary Judgment, docket no. 143, filed November 17, 2009. The Memorandum in Support of County Defendants' Motion for Summary Judgment filed by the County Defendants in November is virtually identical to the Memorandum in Support of County Defendants' Motion for Summary Judgment, docket no. 145, filed December 3, 2009, which was filed by Myers. Because the documents share the same language, arguments, exhibits, and pagination, they will collectively be referred to as "Supporting Memoranda" in this Report.

[9] State Court Memorandum at 3.

[10] Complaint at 5, 7.

[11] *Id.* at 10.

[12] *Id.*; *Buck v. Myers*, 244 Fed. Appx. at 196.

[13] *See* Complaint at 4.

[14] *See id.* at 1.

Buck sued Myers for lying to the police and thus violating Buck's right to due process. Buck also sued Boughn; three other police officers in Boughn's department (Bannon, Brenneman, and Thornton); and two Salt Lake County district attorneys (Yocom and D'Alesandro), claiming they conspired together to deprive him of his civil rights "by acting upon false information rather than proceeding with a thorough investigation and [by willfully participating] in false felony criminal charges being brought against the Plaintiff."[15] Buck later added another police officer, Kim Cowley, as an additional defendant, charging that Cowley also participated in this conspiracy by submitting a false theft charge against Buck.[16] Buck is seeking twenty-four million dollars in damages from the numerous defendants.[17]

Acting on Magistrate Judge Wells's Report and Recommendation,[18] District Judge Tena Campbell dismissed Buck's case in September of 2006.[19] This dismissal was largely founded on the *Younger* abstention doctrine,[20] which generally prohibits federal courts from hearing cases when there are ongoing proceedings in state court touching upon the same issues.[21] Buck appealed to the Tenth Circuit,[22] which agreed that the *Younger* doctrine applied because Buck was still subject to ongoing state criminal proceedings for the theft of the computer.[23] The Tenth

---

[15] *Id.* at 12, 14.

[16] Motion to Add Defendant, docket no. 4, filed October 28, 2005.

[17] Complaint at 17.

[18] Report and Recommendation, docket no. 95, filed July 26, 2006.

[19] Order [Adopting Report and Recommendation], docket no. 109, filed September 29, 2006.

[20] *Id.*; Report and Recommendation; *Buck v. Myers*, 244 Fed. Appx. at 197.

[21] *Younger v. Harris*, 401 U.S. 37 (1971); *Buck v. Myers*, 244 Fed. Appx. at 197.

[22] *See* Notice of Appeal, docket no. 111, filed October 2, 2006.

[23] *Buck v. Myers*, 244 Fed. Appx. at 197–98.

Circuit, however, held that a stay, rather than a dismissal, was appropriate in these circumstances, and remanded Buck's case.[24]

After Buck was convicted of misdemeanor theft in state court and had exhausted his appeals,[25] Defendants filed their motions for summary judgment asking the court to lift the stay.[26] Buck also filed a Motion to Proceed in federal court.[27] The stay was lifted January 14, 2010.[28] Subsequently, Buck filed a request for a trial date,[29] but this request was denied because of the pending motions for summary judgment.[30]

## ANALYSIS

Under Rule 56, if the pleadings in a case "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law," summary judgment should be rendered.[31] Pro se plaintiffs are not expected to meet the same demanding requirements as professional counsel, but even pro se complaints must "make a rational argument on the law and facts" in order to survive a motion for summary judgment.[32]

The finality of Buck's state conviction allowed the *Younger* stay to be lifted from this case, but the finality of that conviction now bars this court from adjudicating Buck's claim. Under the doctrine of issue preclusion, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a

---

[24] *Buck v. Myers*, 244 Fed. Appx. at 198.

[25] *See* Supporting Memoranda at 1–2.

[26] Motions for Summary Judgment.

[27] Motion to Proceed, docket no. 146, filed December 4, 2009.

[28] Order [Granting Motion to Proceed], docket no. 154, filed January 14, 2010.

[29] Petition for Trial Date, docket no. 159, filed April 12, 2010.

[30] Order [Denying Motion for Trial Date], docket no. 161, filed April 15, 2010.

[31] Fed. R. Civ. P. 56(c)(2).

[32] *Whitney v. New Mexico*, 113 F.3d 1170, 1172 (10th Cir. 1997) (quoting *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987) (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1986)).

different cause of action involving a party to the first case."[33] In *Allen v. McCurry*, the Supreme Court decided a case with very similar facts to Buck's claim. The plaintiff in *Allen* was convicted of a state criminal drug charge, but brought a § 1983 suit alleging that police officers' warrantless search of his home and seizure of the drugs had been part of a conspiracy to deprive him of his constitutional rights.[34] In *Allen*, the Court reaffirmed that doctrines of preclusion apply to § 1983 actions[35] and overturned a lower court's determination that a state criminal decision did not have preclusive effect on the federal civil suit.[36] *Allen* also suggests that preclusion can apply even when, as in *Allen* and in this case, the federal court proceedings were timely brought but were stayed under the *Younger* doctrine while the state criminal charges were fully adjudicated.[37]

In the Tenth Circuit, issue preclusion applies if:

(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.[38]

Buck is suing Myers for allegedly making false statements, and has converted this into a federal cause of action by alleging that Myers "was acting under the color of law because of his 'willful,

---

[33] *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[34] *Id.* at 91–92.

[35] *See id.* at 97 ("[T]he virtually unanimous view of the Courts of Appeals since *Preiser* has been that § 1983 presents no categorical bar to the application of res judicata and collateral estoppel concepts. These federal appellate court decisions have spoken with little explanation or citation in assuming the compatibility of § 1983 and rules of preclusion, but the statute and its legislative history clearly support the courts' decisions.") (citations omitted). See *id.* at 95 –105 for a more extended discussion of why the legislative history and statute support this conclusion.

[36] *See id.* at 102 ("[E]very Court of Appeals that has squarely decided the question has held that collateral estoppel applies when § 1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings.").

[37] *See id.* at 93 n.4.

[38] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995).

intentional, and malicious' illegal use of the Salt Lake County Sheriff's Department . . . in the continuation of defrauding the Plaintiff."[39] County Defendants are similarly being sued for relying on Myers's statements and for seizing the computer in question.[40] These issues were pertinent to the state court criminal proceedings,[41] and the state courts, despite considering Buck's allegations of fraud, conspiracy, and constitutional violations, nevertheless allowed a jury to find Buck guilty.[42] Because these issues were already adjudicated, the first of the four issue preclusion factors is met.

The other three factors of the issue preclusion test are met as well. The criminal proceedings were fully adjudicated through a jury trial, an appeal to the state appellate court, and a denial of certiorari by the Utah Supreme Court.[43] Buck was a party in the criminal suit, and he was given a full and fair opportunity to litigate while represented by counsel.[44] Under *Allen* and *Frandsen*, issue preclusion bars this court from further adjudicating Buck's claims, and Buck did not dispute this in his response to the motions for summary judgment.[45]

In addition to preclusion, the defendants have advanced other reasons which support dismissal of this case. Defendant Thornton has still not been properly served,[46] a defect for

---

[39] Complaint at 4.

[40] *Id.* at 10–12.

[41] The witnesses before the jury testified that Buck was "compliant" with the seizure of the computer and that he helped "by carrying the computer out to Deputy Bough's patrol vehicle and loading the computer into the vehicle." Appellate Brief of Appellant at *13, 2008 WL 6653915 (internal quotations omitted). *State v. Buck*, 200 P.3d 674 (Utah Ct. App. 2009).

[42] *See* Ruling of Judge Terry L. Christiansen, attached as Exhibit D to Supporting Memoranda; *State v. Buck*, 200 P.3d 674 (Utah Ct. App. 2009).

[43] Supporting Memoranda at 1–2.

[44] *Id.* at 5.

[45] *See* Plaintiff's Response to State's Motion for Summary Judgment (Opposing Memorandum), docket no. 148, filed December 4, 2009; County Defendants' Reply Memorandum in Support of Summary Judgment at 2, docket no. 150, filed December 9, 2009.

[46] Memorandum in Support of Motion to Quash/Dismiss by Defendant John M. Thornton at 2, docket no. 27, filed November 21, 2005.

which Buck has offered no explanation.[47] Buck's allegations frequently are conclusory, and the majority of his complaint is filled with criminal statutes which Buck demands be enforced despite prosecutorial discretion.[48]

Furthermore, in addition to allegations under 42 U.S.C. § 1983, Buck brought this case under 42 U.S.C. § 1985(2), § 1985(3), and § 1986.[49] As Judge Paul Cassell explained to Plaintiff in *Buck v. Salt Lake Tribune*, § 1985 and § 1986 can only apply against race-based conspiracies like those which concerned Congress following the Civil War.[50] Buck has made no reference to such racism in his complaint or any response to dismissal in this case.

This litigation over Myers's allegedly false representation to the police that Buck and Myers were partners, which Buck himself believed at the time,[51] has stretched on for five years. It has consumed the resources of this court, the Tenth Circuit, and many government defendants, at considerable expense to the individuals and to taxpayers. Filers of frivolous lawsuits can face serious consequences, and, in light of Buck's response to the summary judgment motion,[52] Buck is encouraged to exercise caution. Buck hints at claims against Judge Benson for the course of these proceedings. This would be improper. Buck is also warned that it is not his place as a private citizen to enforce criminal laws and is advised to let this matter finally rest.

---

[47] *See* Motion for Default Judgment and Motion to Deny Defendant's Motion to Quash/Dismiss, docket no. 39, filed November 30, 2005; Thornton's Reply Memorandum in Support of his Motion to Quash or Dismiss at 1, docket no. 44, filed December 5, 2005.

[48] Complaint.

[49] *Id.* at 1.

[50] *Buck v. Salt Lake Tribune*, Case No. 2:06-cv-113 PGC, Order Dismissing Complaint for Failure to State a Claim at 2–3, docket no. 4, filed February 9, 2006 (citing *Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176 (10th Cir. 1983) and *Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1230 (10th Cir. 1990)).

[51] Complaint at 5.

[52] Opposing Memorandum at 3 (arguing Defendants' motion for summary judgment is moot because, among other reasons, "this Court represented by Judge Dee Benson has blatantly and maliciously refused the Plaintiff the right to produce evidence before a Federal Grand Jury.")

ORDER

Buck's other pending motions (Motion to Vacate Previous Orders Denying Plaintiff's Motion to Proceed; Motion to Add State of Utah Attorney General Mark Shurtleff) are denied as moot.[53]

RECOMMENDATION

Because the Plaintiff is precluded from bringing his claims, it is recommended summary judgment be granted as Defendants have requested.[54]

NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated July 19, 2010.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[53] Docket no. 132, filed June 2, 2008; docket no. 134, filed June 12, 2008.

[54] Docket no. 142, filed November 17, 2009; Docket no. 144, filed December 3, 2009.